UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIN MICHELLE COOK-LINDSTROM,

Plaintiff,

v.

NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,

Defendant.

CASE NO. C16-0935-RBL-MAT

REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Erin Michelle Cook-Lindstrom proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

/ / /

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1981.[2] She graduated from high school and has been received additional training as a nurse, and previously worked as a nurse, customer service representative, medical aide, temporary receptionist, salesperson, and telecommunications specialist in the military. (AR 221, 244.)

Plaintiff protectively filed an application for DIB on January 12, 2015, alleging disability beginning December 15, 2013. (AR 158-64.) Her application was denied at the initial level and on reconsideration, and she timely requested a hearing. (AR 99-109, 111-20.)

On November 3, 2015, ALJ Jeffrey Jordan held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 34-57.) On November 18, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 18-28.) Plaintiff timely appealed, and the Appeals Council denied Plaintiff's request for review on April 14, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked after the alleged onset date, but that the work activity constituted an unsuccessful work attempt. (AR 21.) At step two, it must be determined whether a claimant suffers from a severe

---

[2] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

impairment. The ALJ found severe Plaintiff's migraines, degenerative disc disease, and anxiety. (AR 21-22.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 22-23.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a range of light work, as defined in 20 C.F.R. § 404.1567(b), with additional limitations. She is limited to lifting and carrying 10 pounds occasionally from waist to chest level. She has to avoid overhead work activity. She is limited to walking two to four hours within an eight-hour workday, and she can walk no longer than one block at a time on a flat, even surface. The claimant needs a sit/stand option about every 15-30 minutes. The claimant has to avoid crawling, kneeling, and climbing ropes, ladders, and scaffolds, but she is able to perform stooping on an occasional basis. She is limited to work with minimal routine changes, which avoids fast-paced work (such as assembly line jobs involving production quotas). She cannot have constant interaction with the public, co-workers, and supervisors. She must avoid working in and around crowded conditions. She cannot constantly finger, grasp, and handle. She must avoid working around moving dangerous machinery and unprotected heights. She must avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity. She has to avoid noisy and brightly lit working conditions, but is not precluded from exposure to "office level noise and lighting." (AR 23-26.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 26.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to

the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other representative jobs, such as clerical checker, mail clerk, office helper, electronics inspector, office clerk, and surveillance systems monitor. (AR 27.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting the opinion of a treating neurologist Kamel Ben-Othmane, M.D.; (2) discounting Plaintiff's subjective testimony; and (3) relying on VE testimony that was elicited in response to an incomplete VE hypothetical, and contradicts the Dictionary of Occupational Titles (DOT). The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

Dr. Ben-Othmane

Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a

detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

In this case, Dr. Ben-Othmane completed a form RFC questionnaire, describing Plaintiff's physical limitations. (AR 677-79.) The ALJ gave this opinion "little weight[,]" finding it unsupported by the medical evidence, which show normal physical and mental findings. (AR 25.) The ALJ also noted that Dr. Ben-Othmane's opinion that Plaintiff cannot work a full-time job goes to the ultimate issue of disability, which is reserved to the Commissioner. (*Id*.)

Plaintiff argues that Dr. Ben-Othmane's opinion is supported by his own treatment notes, namely the MRI of Plaintiff's cervical spine and the notes showing that Plaintiff tried many different medications for migraine headaches, but that none of them eliminated the headaches entirely. Dkt. 14 at 5-6. But the ALJ cited normal physical and mental examination findings (AR 25 (citing AR 1263-1343)) as undermining Dr. Ben-Othmane's opinion, and Plaintiff does not explain why that reasoning is erroneous. Plaintiff's attempt to direct the Court's attention to other portions of the record, which she claims support Dr. Ben-Othmane's opinion, should be rejected, because Plaintiff's alternative interpretation of the evidence does not establish error in the ALJ's decision. The ALJ is responsible for resolving conflicts in the medical record (*Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)), and when evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ (*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.

1999)). The ALJ's assessment of Dr. Ben-Othmane's opinion should be affirmed.

Plaintiff's Subjective Testimony

The ALJ discounted Plaintiff's subjective testimony in light of medical evidence showing that despite her complaints, she maintained physical and mental functioning. (Tr. 24-25.) The ALJ also mentioned that when she appeared at the administrative hearing, she did not appear to be in pain and had no trouble answering questions or maintaining focus/concentration, even though she said she was experiencing a migraine headache. (AR 25.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's reasoning lacked specificity, because the ALJ "did not provide reasons for rejecting Plaintiff's testimony beyond his recitation of the medical evidence." Dkt. 14 at 10 (analogizing this case to *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015)). In *Brown-Hunter*, the ALJ moved seamlessly from a general finding that the plaintiff lacked credibility into a discussion of the medical evidence, without explaining how that medical evidence undermined plaintiff's testimony. 806 F.3d at 493-94.

In this case, the ALJ noted that although Plaintiff experiences migraine headaches, the medical evidence (as well as Plaintiff's presentation at the administrative hearing) shows they do not result in physical or mental limitations. (AR 24-25.) The ALJ also described Plaintiff's normal examination findings and improvement with treatment, despite allegations of back pain and anxiety. (AR 25.) The ALJ did not simply summarize the medical evidence that supports the RFC assessment; the ALJ explained how the evidence indicates that Plaintiff is less functionally limited than she claimed to be. (AR 24-25.) Although Plaintiff contends that the ALJ erred in conflating her presentation at the administrative hearing with her functioning during

an entire workweek (Dkt. 14 at 9), the ALJ cited Plaintiff's hearing presentation as inconsistent with her allegation that migraine headaches cause her to lose focus and the ability to concentrate. (AR 25 (referencing AR 42-43).) The ALJ did not rely on his personal observation as a substitute for medical diagnosis. The ALJ's reasoning is legally sufficient to support discounting Plaintiff's subjective testimony. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Marcia v. Sullivan*, 900 F.2d 172, 177, n.6 (9th Cir. 1990) ("ALJ may rely on his own observations when determining whether a claimant is exaggerating an impairment," so long as those observations are not "used as a substitute for medical diagnosis"). The ALJ's assessment of Plaintiff's subjective testimony should be affirmed.

Step Five

Plaintiff's challenges various aspects of the ALJ's step-five findings. First, Plaintiff argues that the ALJ erred in finding that she could perform a job (electronics inspector) that requires constant reaching, handling, and fingering, when the RFC assessment precludes constant fingering, grasping, and handling. Dkt. 14 at 12. The ALJ and the VE identified the electronics inspector position as DOT # 726.684-050. (AR 27, 54.) The job with this number does require constant fingering, grasping, and handling, but it is not an electronics inspector position, it is a film touch-up inspector. The Commissioner cites the actual definition of the electronics inspector job, which is found at DOT # 726.684-050, but fails to acknowledge that this is not the job number identified by the VE or the ALJ. Dkt. 15 at 11-12. Thus, the ALJ's decision refers to a job number that Plaintiff cannot perform, perhaps as a result of a scrivener's error on the VE's part. In any event, any error related to the electronics inspector job is harmless in light of the other jobs identified at step five. Although Plaintiff mounts challenges to those jobs as well,

those arguments are not persuasive, for the following reasons.

Plaintiff argues that that the ALJ erred in relying on vocational testimony indicating that she can perform sedentary jobs, despite her need for a sit/stand option. The VE acknowledged that the DOT does not discuss sit/stand options, but indicated that based on his experience as a vocational rehabilitation counselor, he believed that the jobs identified could accommodate the sit/stand option included in the ALJ's RFC assessment. (AR 54-55.) Plaintiff argues that the VE's testimony was not consistent with Social Security Ruling (SSR) 96-9p, which provides that the need for a sit/stand option may erode the occupational base for a full range of unskilled sedentary work. *See* 1996 WL 374185, at *7 (Jul. 2, 1996). Plaintiff was not limited to sedentary work, however. And in any event, the ALJ did precisely what was instructed in SSR 96-9p: consult a VE to determine whether an individual requiring a sit/stand option can still adjust to other work. *See id.* ("It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work."). Plaintiff has not shown error in the ALJ's step-five findings in this regard.

Next, Plaintiff argues that the ALJ erred in finding that she could perform jobs requiring General Education Development (GED) levels 2 and 3, even though the RFC assessment restricted her to "low stress" tasks, defined as work "with minimal changes in the routine that avoid fast-paced work such as assembly line jobs involving production quotas[.]" (AR 23.) According to Plaintiff, only GED level 1 work is compatible with the RFC assessment, because work requiring GED levels 2 and 3 involve dealing with multiple "concrete variables." Dkt. 14 at 13. But multiple "concrete variables" does not necessarily imply a change in routine, as noted by the Commissioner. Dkt. 15 at 12. Plaintiff has not shown that the ALJ's restriction to "low stress" work implicates GED levels in any way.

Lastly, Plaintiff contends that the ALJ erred in omitting limitations established in her testimony and by Dr. Ben-Othmane from the VE hypothetical. Dkt. 13 at 14. But, as explained *supra*, the ALJ did not err in discounting that testimony, and therefore did not err in failing to account for those limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Because Plaintiff has failed to identify an error in the ALJ's RFC assessment or step-five findings, they should be affirmed.

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 3, 2017**.

DATED this 10th day of February, 2017.

Mary Alice Theiler
United States Magistrate Judge